337 So.2d 906 (1976)
Nolton LEDOUX, Individually and as Administrator of the Estate of his minor child, Frances Ledoux, Plaintiffs-Appellees,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY et al., Defendants-Appellants.
No. 5600.
Court of Appeal of Louisiana, Third Circuit.
September 29, 1976.
Pucheu & Pucheu by Jacque B. Pucheu, Sr., Eunice, Dubuisson, Brinkhaus, Guglielmo & Dauzat by William A. Brinkhaus, Opelousas, for defendants-appellants.
Guillory, McGee & Mayeux by Robert K. Guillory, Eunice, for plaintiffs-appellees.
Before HOOD, MILLER and WATSON, JJ.
HOOD, Judge.
Nolton Ledoux and his daughter, Frances Ledoux, claim damages for personal injuries sustained by the latter as a result of an automobile accident. The defendants are Southern Farm Bureau Casualty Insurance Company, Ronald Dale Thibodeaux and Lela Thibodeaux Manuel. A judgment was rendered by the district court in favor of plaintiffs, and defendants Thibodeaux and Manuel appealed.
A number of questions are presented. We believe, however, that the decisive issue to be determined on this appeal is whether the judgment appealed from is null because of the fact that it was signed by a judge other than the judge who presided at the trial and took the case under advisement.
This case was tried on its merits before Judge Joseph A. LaHaye, one of the duly elected judges of the Twenty-Seventh Judicial District Court, in and for St. Landry Parish. At the conclusion of the trial Judge LaHaye took the case under advisement, and later, on July 10, 1975, he assigned and filed in open court his written reasons for judgment. As shown in his reasons for judgment, Judge LaHaye decided the issues presented, finding that plaintiffs are entitled to recover from defendants the aggregate *907 sum of $345,943.26 as damages. He concluded his reasons for judgment with the statement, "Judgment will be prepared in accordance with these reasons and submitted to the court for signature." The minutes of the trial court for July 10, 1975, show with reference to this case, "Reasons for Judgment and all attorneys of record notified."
On July 17, 1975, a formal judgment was rendered and signed by Judge H. Garland Pavy, who also is a duly elected judge of the Twenty-Seventh Judicial District Court, in and for St. Landry Parish. Judge Pavy, of course, did not preside at the trial of this case, he did not take it under advisement, he did not assign reasons for judgment and he did not decide any of the issues presented prior to the time the above decree was signed. The judgment which was signed by Judge Pavy concludes with the words, "Judgment read, rendered and signed in open court this 17th day of July, 1975, at Opelousas, Louisiana." The minutes of the district court for July 17, 1975, show the following with reference to this case: "Judgment rendered in favor of plaintiff, read and signed in open court. See decree."
Judge Pavy stated that he did not talk to Judge LaHaye, and that he did not read the latter's reasons for judgment, before he rendered and signed the judgment which is now before us on appeal. No contention is made here, however, that the judgment rendered and signed by Judge Pavy was inconsistent with the conclusion which had been reached by the trial judge, as shown in the latter's reasons for judgment.
Immediately after the above judgment was signed by Judge Pavy, and pursuant to a request made by plaintiffs, the Clerk of Court issued a writ of fieri facias and a writ of attachment authorizing the seizure of certain property allegedly owned by defendants.
On the next day, July 18, 1975, defendants Thibodeaux and Manuel sought and obtained a rule directing plaintiffs and others to show cause why the judgment rendered on July 17 should not be decreed to be null and void, why the writs of fieri facias and attachment should not be cancelled and why defendants' property should not be released from seizure. They alleged, as a ground for demanding that the judgment be annulled, that Judge Pavy had no authority to sign the decree since the case was tried before another judge. The rule issued in response to defendants' application was tried before Judge Pavy, and on August 28, 1975, Judge Pavy rendered judgment (1) dismissing the rule insofar as it sought to annul the judgment signed on July 17; and (2) making the rule absolute insofar as it sought to annul the writ of fieri facias and the seizure of defendants' property.
Defendants filed a motion for a new trial which was denied, and two of the defendants thereupon appealed from the judgment rendered on July 17, 1975. One of their arguments on this appeal is that the judgment appealed from is null because it was signed by Judge Pavy instead of by Judge LaHaye. Defendants contend that Judge LaHaye is the only judge who had authority to sign the decree, since he was the trial judge, he took the case under advisement, and he handed down written reasons for judgment indicating the conclusions he had reached.
We have decided that Judge Pavy did not have authority to render and sign the judgment appealed from, and that the case must be remanded to the district court in order to enable Judge LaHaye, the trial judge, to render and sign such a judgment.
LSA-C.C.P. art. 1911 is included in Title VI, Chapter 3, of the Louisiana Code of Civil Procedure. Title VI is entitled "Judgments," and Chapter 3 of that title is labeled "Rendition." Article 1911, as amended in 1974, provides that "Except as otherwise provided by law, all final judgments shall be signed by the judge." We think the term, "the judge," as used in that article, means the judge before whom the case was tried. If the redactors of the code had intended to provide that another judge could read and sign the judgment, we believe they would have used the words "a judge," or "a judge of the same court," or *908 some other similar language, instead of simply "the judge."
Comment (c) under LSA-C.C.P. art. 1918 states that Article 1911 of the Code of Civil Procedure, and two other articles, require "that the judgment be signed by the trial judge, with certain exceptions." We think the term, "the trial judge," as used in that comment, means the judge who presided at the trial. The authors of that comment thus apparently felt that "the trial judge," or the judge who presided at the trial, was required to sign the judgment.
LSA-C.C.P. art. 1917, which also is included in Title VI, Chapter 3, of the Code of Civil Procedure, provides that "the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment." When that article is read in connection with the other articles in the same chapter, we think it means that the judge who renders and signs the judgment may be required to give his findings of fact and reasons for judgment. That could be done only by the judge who presided at the trial of the case. Article 1917 indicates, therefore, that the judgment should be rendered and signed by the same judge who presided at the trial.
LSA-R.S. 13:4207, relating to maximum delays for decisions in some cases, provides that "The district judges and the judges of the city courts, shall render judgments in all cases taken under advisement by them. . . ." Judge LaHaye took the instant suit under advisement, and the above statute seems to require that he render judgment in that case.
LSA-R.S. 13:4209 provides:
"In all cases where cases are heard and taken under advisement of the district judge or judges of the city courts, if the judge before whom a case is tried should die, resign, or be removed from office, or should his term expire before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing, but if it should be a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one be found in the record, or if the parties to the suit agree upon a statement of facts, and if the testimony be not in the record, and there be no statement of facts, the case shall be tried de novo."
That statute makes provision for deciding a case which was tried and taken under advisement by a judge who dies, resigns, is removed from office or whose term expires. There is an implication, of course, that the case cannot be decided by any judge other than the one who heard the case and took it under advisement, except where one of those circumstances exists. No such circumstance exists in the instant suit.
After considering all of the above statutes, we have concluded that generally when a case has been tried before and taken under advisement by a judge, the judgment must be signed by that judge. We recognize the exception to that rule made by LSA-R.S. 13:4209, but we have pointed out that that statute is not applicable here.
We find no merit to plaintiffs' argument that Judge Pavy performed merely a "ministerial act" in signing the judgment, and that he had authority to sign the judgment under the inherent judicial power granted to him by LSA-C.C.P. art. 191. We also cannot agree with plaintiffs' argument that the rules of the Twenty-Seventh Judicial District Court gave Judge Pavy the authority to sign this judgment solely because he was the "Duty Judge" that day, and, as such he was authorized by the rules "to dispose of all matters which present themselves."
Our conclusion is that a judge of a district court has no authority to render and sign a judgment in a case which was tried before and taken under advisement by another judge of that court, except as provided in LSA-R.S. 13:4209. We also believe that the better rule is to provide that only the judge who tried the case has authority to render and sign the judgment in that case. To hold otherwise may lead to confusion, particularly in cases where two or *909 more judges sign conflicting judgments purporting to finally decide the same case.
For the reasons herein set out, judgment is hereby rendered annulling the judgment rendered and signed on July 17, 1975. The case is remanded to the trial court in order to enable Judge Joseph A. LaHaye, the trial judge, to render and sign a proper judgment. The right to appeal from such a judgment is reserved to all parties. The costs of this appeal are assessed to plaintiffs-appellees.
JUDGMENT ANNULLED and CASE REMANDED.