593 So.2d 892 (1992)
LOUISIANA PAVING CO., INC., et al.
v.
ST. CHARLES PARISH PUBLIC SCHOOLS, et al.
No. 91-CA-829.
Court of Appeal of Louisiana, Fifth Circuit.
January 29, 1992.
*893 Herman C. Hoffman, John F. Shreves, New Orleans, for plaintiff/appellant, Louisiana Paving Co., Inc.
David E. Walker, Michael T. Tusa, New Orleans, for plaintiff/appellant, Gulf Coast Pre-Stress Co., Inc.
Leon C. Vial, III, Hahnville, for defendant/appellee, St. Charles Parish Public Schools and E.H. Flynn.
Before BOWES, WICKER and CANNELLA, JJ.
BOWES, Judge.
Plaintiffs/appellants have appealed from a judgment of the district court in favor of defendants. For the following reasons the judgment on appeal is annulled and the case is remanded to the district court.

PROCEDURAL HISTORY/FACTS
Plaintiffs/appellants, Louisiana Paving Co., Inc. (hereinafter "Louisiana Paving"), and Gulf Coast Pre-Stress Co., Inc. (hereinafter "Gulf Coast") filed a petition for recovery of use tax paid under protest. The tax involved was levied by the Parish of St. Charles on concrete girders manufactured by Gulf Coast pursuant to a subcontract with Louisiana Paving who was the general contractor on State Project No. 450-36-06, Federal Aid Project No. I-310-4(62)220, Luling Bridge (North Approach)La. 626 Highway, St. Charles Parish.
Trial in the matter was held before Judge Ruche Marino on June 11, 1991. Following trial, Judge Marino took the case under advisement and requested post-trial memoranda from the parties. On July 22, 1991, Judge Marino issued an "Opinion" which is, in essence, reasons for judgment, at the conclusion of which he requested that the attorney for the defendants prepare the judgment.
On August 23, 1991, Judge Mary Ann Vial Lemmon signed a judgment in this matter in favor of defendants and dismissing all claims of the plaintiffs with prejudice. On September 15, 1991, Judge Marino signed the motion for appeal by Gulf Coast and Louisiana Paving, appealing from the judgment of August 23, 1991.
There is nothing in the record which explains why Judge Marino did not sign the final judgment in this matter.

ANALYSIS

I.
Several errors by the trial court in the trial and decision of this matter have been urged by the respective parties. We find, however, that we are unable to consider these arguments at this time because we find that the judgment appealed from is null and void and the case must be remanded to the district court for a new and proper judgment for the following reasons:
Except as otherwise provided by law, every final judgment shall be signed by *894 the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.
LSA-C.C.P. art. 1911.
Although Judge Marino signed the "Opinion," or reasons, such did not constitute a judgment as clearly evidenced by the final sentence requesting counsel for the defendants to prepare a judgment.
LSA-R.S. 13:4208 states as follows:
In all cases where cases are heard and taken under advisement of the district judge or judges of the city courts, if the judge before whom a case is tried should die, resign, or be removed from office, or should his term expire before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing, but if it should be a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one be found in the record, or if the parties to the suit agree upon a statement of facts, and if the testimony be not in the record, and there be no statement of facts, the case shall be tried de novo.
As we previously observed, the present case was heard by Judge Marino and taken under advisement by him, but he did not sign the final judgment. Under LSA-R.S. 13:4209, supra, a successor judge may decide a case heard and taken under advisement by another judge if the trial judge dies, resigns, is removed from office, or if his term expires before judgment is rendered. None of the above factors is present in this case, as is readily evidenced by Judge Marino's signature on the subsequent order for appeal.
In Ledoux v. Southern Farm Bureau Cas. Ins. Co., 337 So.2d 906 (La.App. 3 Cir.1976), a very similar situation arose in which the trial judge tried the merits and took the case under advisement. Subsequently, the trial judge assigned and filed in open court his written reasons for judgment and concluding with an order that a judgment be prepared in accordance therewith. The formal judgment was rendered and signed by another judge in that district court. In finding that the second judge was without authority to render and sign the judgment on appeal, the court provided the following cogent analysis:
Article 1911, as amended in 1974, provides that `Except as otherwise provided by law, all final judgments shall be signed by the judge.' We think the term, `the judge,' as used in that article, means the judge before whom the case was tried. If the redactors of the code had intended to provide that another judge could read and sign the judgment, we believe they would have used the words `a judge,' or `a judge of the same court,' or some other similar language, instead of simply `the judge.'
Comment (c) under LSA-C.C.P. art. 1918 states that Article 1911 of the Code of Civil Procedure, and two other articles, require `that the judgment be signed by the trial judge, with certain exceptions.' We think the term, `the trial judge,' as used in that comment, means the judge who presided at the trial. The authors of that comment thus apparently felt that `the trial judge,' or the judge who presided at the trial, was required to sign the judgment.
LSA-C.C.P. art. 1917, which also is included in Title VI, Chapter 3, of the Code of Civil Procedure, provides that `the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment.' When that article is read in connection with the other articles in the same chapter, we think it means that the judge who renders and signs the judgment may be required to give his findings of fact and reasons for judgment. That could be done only by the judge who presided at the trial of the case. Article 1917 indicates, therefore, that the judgment should be rendered and signed by the same judge who presided at the trial. [Emphasis supplied].
* * * * * *

*895 [LSA-R.S. 13:4209] makes provision for deciding a case which was tried and taken under advisement by a judge who dies, resigns, is removed from office or whose term expires. There is an implication, of course, that the case cannot be decided by any judge other than the one who heard the case and took it under advisement, except where one of those circumstances exists. No such circumstance exists in the instant suit.
Also, in Ledoux, the court found that the judge who conducted the trial and took the case under advisement must sign the final judgment absent the circumstances outlined in LSA-R.S. 13:4209. The court continued:
We find no merit to plaintiffs' argument that Judge Pavy performed merely a `ministerial act' in signing the judgment, and that he had authority to sign the judgment under the inherent judicial power granted to him by LSA-C.C.P. art. 191. We also cannot agree with plaintiffs' argument that the rules of the Twenty-Seventh Judicial District Court gave Judge Pavy the authority to sign this judgment solely because he was the `Duty Judge' that day, and, as such he was authorized by the rules `to dispose of all matters which present themselves.'
Our conclusion is that a judge of a district court has no authority to render and sign a judgment in a case which was tried before and taken under advisement by another judge of that court, except as provided in LSA-R.S. 13:4209. We also believe that the better rule is to provide that only the judge who tried the case has authority to render and sign the judgment in that case. To hold otherwise may lead to confusion, particularly in cases where two or more judges sign conflicting judgments purporting to finally decide the same case.
We wholly concur with the very logical analysis in Ledoux and likewise hold that only Judge Marino had authority to sign a final judgment in a case which he tried, took under advisement, and issued written reasons for judgment ordering that a written judgment be prepared.
This is not an informality, irregularity or misstatement which may be corrected by the trial court under LSA-C.C.P. art. 2088(4), but is instead a fatal defect. A proper and valid judgment cannot issue in this case unless and until the present judgment is annulled and set aside. To hold otherwise would invite confusion and chaos because of the existence of two apparently valid judgments. The present invalid judgment must be replaced with a valid judgment on a nunc pro tunc basis.
This case is clearly distinguishable from Polozola v. Garlock, Inc., 376 So.2d 1009 (La.App. 1 Cir.1979) in which the appellate court concluded that the judge who signed the judgment on appeal was the successor in office to the trial judge, and that the successor judge had considered the pleading, evidence, record, briefs, etc. filed in the matter. The judgment in the case at bar does not indicate that the signatory judge considered the merits of the case.
Therefore, we are compelled to conclude that the judgment presently on appeal is invalid. For the foregoing reasons, the judgment on appeal is annulled and set aside, and the case is remanded to the district court in order to enable Judge Ruche Marino, the trial judge, to render and sign a proper judgment nunc pro tunc.
The record and all briefs and exhibits in the present appeal shall stay on file in this Court with the appellate rights of all parties preserved. This case shall be removed from the present docket and any appellate party may move to again set the appeal for oral argument when a valid judgment has been filed in this Court. Each party is taxed its own costs of the appeal.
ANNULLED AND REMANDED.