672 So.2d 309 (1996)
EMPLOYERS NATIONAL INSURANCE COMPANY
v.
WORKERS' COMPENSATION SECOND INJURY BOARD.
No. 95 CA 1756.
Court of Appeal of Louisiana, First Circuit.
April 4, 1996.
*310 Stephen W. Glusman, Baton Rouge, for Plaintiff/Appellee, Employers National Insurance Co.
Karl L. Scott, Baton Rouge, for Defendant/Appellant, Workers' Compensation Second Injury Board.
Before CARTER and PITCHER, JJ., and CRAIN, J. Pro Tem.[1]
CARTER, Judge.
This is an appeal from a judgment of the Office of Workers' Compensation, granting a workers' compensation insurer reimbursement from the Louisiana Workers' Compensation Second Injury Fund.

PROCEDURAL HISTORY
In January, 1986, Randy Richard had undergone surgery on his left knee and had sustained torn cartilage in his left knee.[2] On March 7, 1990, during the course and scope of his employment with Harmony Construction Company (Harmony), Richard was climbing a ladder, lost his footing, and fell approximately ten feet onto a drop shed. Richard then rolled off the drop shed and fell onto the ground below, sustaining an anterior cruciate injury to his right knee. Harmony's workers' compensation insurer, Employers National Insurance Company (Employers National), paid Richard workers' compensation benefits from March 7, 1990, through February 11, 1991, totaling $13,800.00, as well as a compromise settlement of $20,000.00, and medical expenses in the amount of $54,132.91.
Thereafter, on December 7, 1990, Employers National filed an application with the Louisiana Workers' Compensation Second Injury Board (Second Injury Board), seeking reimbursement of weekly compensation benefits and medical expenses paid to or on behalf of Richard. Employers National contended that it was entitled to reimbursement for all weekly compensation benefits paid beyond the first 104 weeks of compensation, as well as reimbursement of fifty percent (50%) of all medical expenses paid up to $5,000.00 and full reimbursement of those medical expenses in excess of $10,000.00, as provided by LSA-R.S. 23:1378 A.
On February 7, 1991, the Second Injury Board denied Employers National's reimbursement claim, finding that Employers National *311 had not established employer knowledge of Richard's preexisting permanent partial disability prior to the March 7, 1990, injury, as required by LSA-R.S. 23:1378 A.
On February 27, 1991, Employers National filed an appeal of the decision of the Second Injury Board, contending that the decision was erroneous. On January 13, 1993, the matter went to trial before Pamela A. Moses Larimore, workers' compensation hearing officer. At trial, the parties stipulated that all elements necessary for Employers National to prevail on a claim for reimbursement had been established, with the exception of employer knowledge of the preexisting permanent partial disability.
On May 30, 1994, Norbert C. Rayford, workers' compensation hearing officer, rendered judgment in favor of Employers National and against the Second Injury Board, citing Willamette Industries, Inc. v. Worker's Compensation Second Injury Board 595 So.2d 1206 (La.App. 3rd Cir.), writ denied, 600 So.2d 608 (La.1992). There is nothing in the record to explain why Hearing Officer Larimore did not sign the final judgment in this matter.
The Second Injury Board appealed from the judgment, assigning numerous errors for review. We find, however, that we are unable to consider these arguments at this time; the judgment appealed from is invalid, and the matter must be remanded to the Office of Workers' Compensation for a new and proper judgment.

VALIDITY OF JUDGMENT
LSA-C.C.P. art. 1911 mandates that every final judgment be signed by the judge, except as otherwise provided by law. Moreover, LSA-C.C.P. art. 1911 provides that "[f]or the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled."
As used in LSA-C.C.P. art. 1911, the term "judge" has been interpreted to mean the judge before whom the case was tried. See Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools, 593 So.2d 892 (La. App. 5th Cir.1992), and Ledoux v. Southern Farm Bureau Casualty Insurance Company, 337 So.2d 906 (La.App. 3rd Cir.1976).
However, LSA-R.S. 13:4209 A provides as follows:
In all cases heard and taken under advisement of the district judge or judges of the city courts, if the judge before whom a case is tried dies, resigns, or is removed from office, or if his term expires before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing. If it is a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one is found in the record, or if the parties to the suit agree upon a statement of facts. If the testimony is not in the record, and there is no statement of facts, the case shall be tried de novo.
In Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools, 593 So.2d at 895, and Ledoux v. Southern Farm Bureau Casualty Insurance Company, 337 So.2d at 909, the courts determined that a judgment signed by a judge, other than the one which presided over the hearing, was invalid.
In Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools, 593 So.2d at 892, the trial judge heard and took the case under advisement and requested post-trial memorandum from the parties. Thereafter, the trial judge issued an opinion, setting forth his reasons for judgment, and requested that the attorney for the defendant prepare the judgment. Thereafter, another district court judge signed the judgment. In invalidating the judgment, the appellate court determined that a district judge has no authority to render and sign a judgment in a case which was tried before and taken under advisement by another judge of that court, except as authorized by LSA-R.S. 13:4209. Moreover, the appellate court noted that the better rule is to provide that only the judge who heard the case has the authority to render and sign the judgment in that case. The court noted that to do otherwise may lead to confusion where two or more judges *312 sign conflicting judgments purporting to finally decide a case.
In Ledoux v. Southern Farm Bureau Casualty Insurance Company, 337 So.2d at 906, the trial judge heard the merits of the case and took it under advisement. Subsequently, the trial judge assigned and filed in open court his written reasons for judgment and ordered that a judgment be prepared in accordance therewith. The formal judgment was rendered and signed by another judge in that district court. On appeal, the court declared the judgment invalid and determined that, when a case had been tried before and taken under advisement by a judge, the judgment must be signed by that judge, subject to the exceptions set forth in LSA-R.S. 13:4209.
A final judgment signed by a judge who did not preside over the trial is not an informality, irregularity, or misstatement which may be corrected by the trial court under LSA-C.C. art. 2088(4), but is instead a fatal defect. Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools, 593 So.2d at 895.
While LSA-C.C.P. art. 1911 and LSA-R.S. 13:4209 specifically address "trial judges," we find that the same principle is applicable to hearing officers who function as triers of fact in workers' compensation proceedings. The hearing officer who heard the evidence is the proper hearing officer to sign the final judgment in workers' compensation matters, except in limited circumstances as set forth in LSA-R.S. 13:4209. As a result, a final judgment signed by a hearing officer, other than the hearing officer who heard the evidence, is invalid.
In the instant case, as previously observed, the present case was heard by Hearing Officer Larimore on January 13, 1993. At the conclusion of the evidence, the hearing officer did not render her decision, but took the matter under advisement and requested that the parties file briefs on the issues. Thereafter, Hearing Officer Larimore did not issue reasons for judgment or otherwise decide the merits of the case. Nor did she sign the final judgment. On May 30, 1994, Hearing Officer Norbert C. Rayford, who had not heard the evidence in this case, signed the final judgment.
Under LSA-R.S. 13:4209, a successor judge may decide a case heard and taken under advisement by another judge if the judge dies, resigns, or is removed from office or if his term expires before judgment is rendered. However, none of these factors is present in the instant case, as is evidenced by Hearing Officer Larimore's signature on the subsequent order of appeal, which was signed on July 12, 1994.
Therefore, we find that the judgment presently on appeal is invalid. As a result, it is necessary to annul the hearing officer's judgment and remand the matter to the Office of Workers' Compensation to enable the hearing officer to sign a proper judgment. See Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools, 593 So.2d at 895, and Ledoux v. Southern Farm Bureau Casualty Insurance Company, 337 So.2d at 909. The right to appeal from such a judgment is reserved to all parties.

CONCLUSION
For the foregoing reasons, the judgment rendered by Hearing Officer Rayford is annulled, and the matter is remanded to the Office of Worker's Compensation for the signing of a valid judgment. The assessment of the costs of this appeal is deferred until a final determination on the merits.
JUDGMENT ANNULLED, CASE REMANDED WITH INSTRUCTIONS.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] In 1985, Richard began having knee problems when he sustained a torn anterior cruciate ligament in his left knee, for which he underwent surgery. Sometime thereafter, Richard sustained a torn medial meniscus and a torn anterior cruciate ligament in his right knee. As a result of his knee problems, Richard was given a permanent impairment of forty percent (40%) to each knee joint.