McDonald, j.
|2On July 15, 2008, Gerald Kent Hood, a heavy-equipment operator, filed a disputed claim for compensation against his employer, Cajun Constructors, Inc. (Cajun Constructors). He asserted that he was working on April 10, 2001, putting in oil drill shafts, when he felt a light mist on his skin for about two and a half hours. His skin was itching and burning, and thereafter, he asserted, a supervisor sent him and other workers to the company doctor. Mr. Hood asserted that his sinuses, lungs and stomach were affected by the incident and that benefits were due to him.
On December 4, 2008, Cajun Constructors filed a peremptory exception of res judicata, asserting: that the claim arose from an accident that occurred on April 10, 2001; that the claim was settled by a joint motion signed by the workers’ compensation judge on November 15, 2004; and that the claim should be dismissed with prejudice. Cajun Constructors attached as exhibits the order approving the settlement and dismissing the case, the joint petition for settlement, Mr. Hood’s affidavit that he understood the consequences of the settlement and agreed to the settlement, an affidavit by counsel for Cajun. Constructors and St. Paul Mercury Insurance Company that the allegations in the joint petition for settlement were true and correct, an affidavit by Mr. Hood’s attorney that Mr. Hood understood the settlement documents and consequences, and the joint motion and order to dismiss the case.
On February 13, 2009, Mr. Hood filed a motion to nullify the judgment dismissing the case, asserting that the judgment was obtained by fraud and ill practices committed by St. Paul Mercury Insurance Company. Mr. Hood attached an affidavit to his motion, which asserted that he had three different accidents while working for Cajun Constructors and that he believed that during the settlement of a different lawsuit (a class action suit involving Vulcan Chemical)' St. |sPaul Mercury Insurance Company was reimbursed for medical bills which had been paid for by Mr. Hood’s personal health insurance, rather than by St. Paul Mercury Insurance Company.
After a hearing, the workers’ compensation judge granted Cajun Constructor’s peremptory exception of res judicata and denied Mr. Hood’s motion to nullify the judgment. Mr. Hood is appealing that judgment.
After a thorough review of the record, we find that there was no evidence presented showing fraud or ill practices by St. Paul Mercy Insurance Company in this case. Thus, we find that the workers’ compensation judge was legally correct in granting the peremptory exception of res judicata and did not abuse his discretion in denying the motion to nullify the judgment. Thus, the judgment is affirmed and costs are assessed against Mr. Hood.
AFFIRMED.