Judge SANDRA CABRINA JENKINS.
The Department of Police appeals the Civil Service Commission’s August 9, 2013 decision reinstating plaintiff to his previous position with all back pay and emoluments of employment. For the following reasons, we vacate the judgment on procedural' grounds and remand the matter to the Commission for further proceedings.
FACTS AND PROCEDURAL HISTORY
On April 20, 2011, plaintiff, Jerome La-violette, was involved in an accident which exacerbated a prior back injury he sus *97 tained sometime in 2008.[1] Following the April 2011 accident, plaintiff was unable to return to work as a Police Captain in the Department of Police’s (“appellant”) employ, and remained on sick leave.
A pre-termination hearing was conducted on March 27, 2012, by Chief Stephanie Landry, in order to determine if and when Captain Laviolette could return to work. During this hearing, plaintiff introduced ten Physician’s Examination Certifications (“Form 50”)[2] into the record. Chief Landry noted that all of Captain Laviolette’s forms indicated no progress in his ability to return to |2work in any capacity. Captain Laviolette informed Chief Landry that the doctor who completed his Form 50s was no longer covered under his insurance policy; and that he scheduled an appointment with a new doctor in May 2012, the earliest available appointment. Captain Laviolette also stated that he was hopeful that he would be released for work once he was examined by the new doctor. Notwithstanding Captain Laviolette’s assertion, Chief Landry recommended involuntary retirement for Captain Laviolette because the ten submitted Form 50s indicated that he was unable to return to work for the foreseeable future. NOPD’s Superintendent accepted the recommendation, and notice was subsequently issued informing plaintiff of his termination, effective immediately.'
Thereafter, Captain Laviolette filed an appeal with the Civil Service Commission (“the Commission”). At the hearing, Captain Laviolette produced an additional Form 50 completed by his new doctor, dated June 19, 2012, which indicated that he was able to return to work “as tolerated.” The Commission issued its decision on August 9, 2013, based on the Hearing Examiner’s recommendation, and found that appellant failed to meet its burden of proving that Captain Laviolette stated or indicated that he was unwilling to return to work and that there had been no medical determination that his injuries would prevent him from returning to work in the future. Thus, the decision granted Captain Laviolette’s appeal and reinstated him to his previous position with all back pay and emoluments of employment.
Appellant appealed the Commission’s decision and the notice of appeal was signed on September 11, 2013. Counsel assumed the record would be lodged with lathis Court by the October 11, 2013 return date, but learned that it had not been done because the Commission was unable to obtain the Commissioners’ original signatures on the judgment. The record was finally lodged on December 2, 2013.
LAW AND ANALYSIS
On appeal, appellant raises eleven assignments of error that we are unable to consider because the judgment appealed from is not a final and appealable judgment. The fact that the judgment was “rubber stamped” and not signed by the original Commissioners on August 9, 2013, the date for which it purports to have been signed, is fatal error. See Gremillion v. Department of Police, unpub. 13-1609 (La.App. 4 Cir. 1/16/14).
La. C.C.P. art. 1911 dictates the formalities for a judgment, stating “[e]x-cept as otherwise .provided by law, every final judgment shall ... be signed by the *98 judge [and] ... no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.”[3] (emphasis added).
Commissioners Clark, Glovinsky, and Wildes presided over the instant matter and were present at the hearing when the evidence was submitted. They did not, however, sign the judgment on August 9, 2013, and instead it was' simply “rubber stamped.” The judgment was subsequently signed more than three months later.[4] Thus, based on La. C.C.P. art. 1911, La. R.S. 13:4209, and our holding in 14Gremillion, supra, we find the judgment at issue to be invalid as it was not a properly signed judgment at the time the appeal was taken. Because -of this procedural error, the August 9, 2013 judgment is vacated and set aside.
DECREE
For the foregoing reasons, considering the purported August 9, 2013 judgment is not a final and appealable judgment, it is vacated, and we remand this matter for further proceedings.
VACATED AND REMANDED.

. The record reflects that the 2008 accident was non-work related and occurred while plaintiff was off-duty. However, the record is silent as to the specifics of the April 2011 accident.

. A Form 50 is completed by a physician and identifies an employee's medical progress in order to estimate a potential return date for employment and in what capacity.

. Appellant contends La. C.C.P. art. 1911 is inapplicable to the Commission because of: 1) where the Article appears in the Code of Civil Procedure, and 2) the Article’s specific reference to "judges” and "judgment.” We disagree and find that the principle is applicable to commissioners who function as triers of fact in civil service proceedings and to decisions which act as judgments. See Employers Nat. Ins. Co. v. Workers’ Comp. Second Injury Bd., 95-1756 (La.App. 1 Cir. 4/4/96), 672 So.2d 309, 312; see also Uniform Rules— Courts of Appeal, Rule 3-1.5 (“All other Rules of the court and all laws regulating appeals, not inconsistent with the foregoing, shall-be applicable to appeals from such administrative bodies.”).

. We note that the “rubber stamped" judgment was not in the record when it was finally lodged with this Court, but a backdated judgment with original signatures was included. Additionally, one of the Commissioners, Amy Glovinsky, resigned in September 2013 before she signed the judgment.