PENZATO, J.
*695 Appellant, I.K., appeals a judgment of the juvenile court finding that the State of Louisiana, Department of Children and Family Services (DCFS), rebutted the presumption of paternity of R.K., the man who appears as father on her birth certificate.[1] For the reasons that follow, we vacate the judgment.
FACTS AND PROCEDURAL HISTORY
In February and April of 2017, the State of Mississippi Child Protection Agency informed the DCFS that it obtained physical custody of I.K., a minor, after her grandmother, who was I.K.'s non-legal caretaker, was arrested. DCFS picked up the child from Mississippi and returned her to Livingston Parish, where she had previously resided. After interviewing the mother, B.W., DCFS determined that B.W.'s living conditions were not conducive to I.K. residing with her. At the time, I.K. requested not to be returned to R.K., the man listed on her birth certificate as her father.
I.K. was placed in the custody of DCFS on April 20, 2017, by a verbal instanter order of the juvenile court. Following a continued custody hearing on August 16, 2017, the juvenile court ordered that the child remain in the custody of DCFS. The District Attorney for Livingston Parish filed a Child in Need of Care (CINC) petition in the juvenile court pursuant to La. Ch.C. art. 631. A curator was appointed to represent the alleged biological father, G.B., who reportedly had been deported back to Mexico when B.W. was pregnant with I.K.
During DCFS's investigation, it was revealed that R.K. was listed as the father on the birth certificate of I.K. B.W. confirmed that R.K. was not the biological father of I.K. R.K. admitted that he had never been married to B.W. and had never had sexual relations with B.W., even though he signed the birth certificate of I.K. as I.K.'s father. At the time of I.K.'s birth, R.K. was dating B.W.'s sister. R.K. helped raise I.K. for nine years, while he was dating B.W.'s sister, but he no longer saw I.K. after they stopped dating. After I.K. came into the custody of DCFS, R.K. requested visitation with her.
*696 On August 3, 2017, DCFS filed a motion to rebut the presumption of R.K.'s paternity pursuant to Louisiana Civil Code article 196 in the CINC proceeding.[2] The hearing on this motion and the adjudication of the child was set for August 16, 2017. Judge Ralph Tureau, ad hoc, presided over the August 16, 2017 hearing and signed a judgment on the same day finding I.K. to be in need of care.[3] The August 16, 2017 judgment also noted that DCFS "will work case plan and arrange visitation with [R.K.] and [I.K.]." The matter was set for further review on October 17, 2017. Subsequently, DCFS filed a case plan that included visitation between I.K. and R.K. weekly between September 7, 2017 and March 29, 2018.
Judge Blair Edwards, the district court judge for Division I, conducted the hearing on October 17, 2017, although the record contains no transcript from this hearing. The only testimony that appears to have been taken was that of the case worker.[4] Judge Edwards signed a judgment on October 17, 2017, approving the case plan and setting the matter for review on April 10, 2018. On February 5, 2018, Judge Edwards signed another judgment referencing the hearing held on August 16, 2017, that decreed that DCFS had rebutted the presumption of paternity of R.K. and shown that he was not the legal nor biological father of I.K. Although the August 16, 2017 hearing was held before Judge Tureau, the February 5, 2018 judgment was signed by Judge Edwards. It is from this judgment that I.K. appeals.
SUBJECT MATTER JURISDICTION
Appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc., 2011-0520 (La. App. 1 Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. A threshold issue in any case is whether this court's appellate jurisdiction is properly invoked by a valid final judgment. See La. C.C.P. art. 2083 ; Rush v. Rush, 2012-1502 (La. App. 1 Cir. 3/25/13), 115 So.3d 508, 511, writ denied, 2013-0911 (La. 5/31/13), 118 So.3d 398. When the judgment that forms the basis of the appeal is defective, however, it becomes a jurisdictional matter, which we can raise on our own. Brett v. Brett, 2000-0436 (La. App. 1 Cir. 5/30/01), 794 So.2d 912, 914, writ denied , 2001-2283 (La. 11/16/01), 802 So.2d 611.
Louisiana Code of Civil Procedure article 1911 requires that "every final judgment shall be signed by the judge," except as otherwise provided by law. Employers Nat. Ins. Co. v. Workers' Comp. Second Injury Bd., 95-1756 (La. App. 1 Cir. 4/4/96), 672 So.2d 309, 311. A judgment signed by a judge who did not preside over the trial is fatally defective and does not constitute a final judgment over which this court can exercise appellate jurisdiction. Employers Nat. Ins. Co., 672 So.2d at 312 ; see also *697 Acker v. Bailiff, 47,160 (La. App. 2 Cir. 6/27/12), 94 So.3d 1011, 1014 (stating that "[u]ntil the judge who conducted the trial signs the judgment, there is no final judgment").
There are exceptions allowing a judge who did not hear a matter to sign a judgment, but none apply here. Under La. C.C.P. art. 253.3, a duty judge is permitted to hear and sign specific orders and judgments, but that does not appear to be the case here. This also does not appear to be a case pursuant to La. C.C.P. art. 194, where certain orders and judgments may be signed in chambers. Louisiana Revised Statute 13:4209 permits a successor judge to sign judgments in matters he has not heard in specific instances. The provisions of La. R.S. 13:4209(A) pertain to matters heard and taken under advisement by a previous judge, but the judgment is signed by a successor judge, which is not the case here.
Louisiana Revised Statute 13:4209(B) provides:
(1) In cases which are heard and in which judgment is rendered, but not signed, whether the case was taken under advisement or not, if the judge who rendered the judgment dies, resigns, or is removed from office, or if his term expires before signing judgment in the case, his successor in office shall have the authority to sign a judgment which conforms with the judgment rendered.
(2) If a prior judge has stated an affirmative intent to sign a judgment and failed to do so for whatever reason, the successor judge is empowered to sign the judgment.
At the August 16, 2017 hearing, Judge Tureau first heard DCFS's motion to rebut the presumption of paternity. R.K. testified with regard to the motion. Judge Tureau gave oral reasons and granted the motion, but found it in the best interest of the child that she maintain a relationship with R.K. Subsequently, Judge Tureau heard testimony as to whether the child should be adjudicated in need of care. B.W. testified and stipulated that I.K. was in need of care. Ms. Tromeka Washington, the DCFS case worker, also testified.
On the date of the hearing, Judge Tureau signed a judgment, which reflected that R.K. testified and that rendered a partial ruling regarding visitation. The judgment specifically provides that DCFS "will work case plan and arrange visitation with [R.K.] and [I.K.]." This ruling was consistent with Judge Tureau's determination that it was in the best interest of I.K. to maintain a relationship with R.K., and his oral order ordered that R.K. be allowed some visitation pronounced in open court.
Judge Edwards presided at the October 17, 2017 hearing. The minutes indicate that two witnesses were sworn. The court ordered that custody be maintained with DCFS. Judge Edwards signed a judgment on the same day approving DCFS's case plan and maintaining custody of I.K. with DCFS. There was no mention of the motion to rebut the presumption of paternity or visitation. Judge Edwards later signed another judgment on February 5, 2018, finding that DCFS had rebutted the presumption of paternity of R.K. with no mention of visitation. The judgment further indicated that it was based on the rulings rendered on August 16, 2017.
The February 5, 2018 judgment rendered by Judge Edwards did not comply with La. R.S. 13:4209(B). A judgment was rendered and signed Judge Tureau on August 16, 2017, following a hearing held that same date that included consideration of DCFS's motion to rebut paternity. Louisiana Revised Statute 13:4209(B)(1) confers authority on a successor judge to sign a judgment in cases in which the judgment has been rendered but not signed. Therefore, *698 the exception provided by La. R.S. 13:4209 does not apply to the present facts.[5] Because Judge Edwards was without authority to render and sign the judgment, the judgment is fatally defective and must be vacated. See Starkey v. Starkey, 2013-0166 (La. App. 1 Cir. 8/6/13), 122 So.3d 579, 584 ; Darensbourg v. Great Atl. and Pac. Tea Co., Inc., 94-0761 (La. App. 1 Cir. 11/9/95), 665 So.2d 35, 38. Therefore, there is no final judgment before this court and this court lacks appellate jurisdiction to consider the merits of the arguments presented. La. C.C.P. 2083.
CONCLUSION
For the above and foregoing reasons, the February 5, 2018 judgment is vacated. This case is remanded for further proceedings. Assessment of costs of this appeal is deferred until a final determination of the merits.
VACATED AND REMANDED.

The child and the adults in this confidential proceeding are referred to by their initials to preserve their anonymity. See Rules 5-1 and 5 -2 of the Uniform Rules-Courts of Appeal.

In the motion, DCFS stated that it was filing the motion out of an abundance of caution. At the hearing, counsel for DCFS explained that if the court found the presumption to be rebutted, it would allow DCFS to remove R.K. from the child in need of care case as a named father.

While the court minutes and judgment reflect that Judge Tureau was appointed ad hoc, no order of appointment is contained in the appellate record.

The minutes from the October 17, 2017 hearing indicate that two witnesses were sworn in to testify. It is unclear if both actually did so. The judgments signed on October 17, 2017, and on February 5, 2018, refer to only one witness.

Further, the February 5, 2018 judgment signed by Judge Edwards did not conform to the oral judgment of Judge Tureau, as it only ruled on the merits of the motion to rebut paternity, but omitted visitation. See Dutruch v. Zurich-American Ins. Co., 95-1923 (La. App. 1 Cir. 4/22/96), 681 So.2d 953, 954-55 (judgment signed by successor judge that did not conform to prior judge's oral ruling vacated).