| MARY REANEY-GATES, | * | NO. 2019-CA-0912 |
| WIFE OF/AND MARK GATES, | | |
| CARLA P. BUBACZ, WIFE | * | |
| OF/AND REX BUBACZ | | COURT OF APPEAL |
| | * | |
| VERSUS | | FOURTH CIRCUIT |
| | * | |
| TEODORO RIVERA | | STATE OF LOUISIANA |
| MENDOZA, ICM INSURANCE | * * * * * * * | |
| COMPANY, AND THE | | |
| HANOVER AMERICAN | | |
| INSURANCE COMPANY | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2011-10095, DIVISION "F"
Honorable Christopher J. Bruno, Judge
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Tiffany G. Chase)

Jason A. Camelford
111 Veterans Boulevard, Suite 1670
Metairie, LA 70005

    COUNSEL FOR DEFENDANT/APPELLEE HANOVER AMERICAN
    INS. CO.

John H. Hughes
ALLEN & GOOCH
2000 Kaliste Saloom Rd., Suite 400
P.O. Box 81129
Lafayette, LA 70598-1129

    COUNSEL FOR DEFENDANT/APPELLEE TEXAS PROPERTY AND
    CAS. INS. GUARANTY ASSOCIATION

Kevin C. O'Bryon
Janell McFarland-Forges
O'BRYON & SCHNABEL, APLC
1010 Common Street, Suite 1950
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/APPELLANT GEICO

**APPEAL DISMISSED WITHOUT PREJUDICE;
REMANDED WITH INSTRUCTIONS**

**FEBRUARY 19, 2020**

Government Employees Insurance Company (hereinafter "GEICO") appeals the May 24, 2019 judgment of the trial court granting summary judgment in favor of appellees Hanover American Insurance Company (hereinafter "Hanover") and the Texas Property and Casualty Insurance Guaranty Association. For the reasons that follow, we dismiss the appeal without prejudice and remand the matter to the trial court with instructions.

## RELEVANT FACTS AND PROCEDURAL HISTORY

This is a personal injury case arising from a 2010 automobile accident and a subsequent dispute over uninsured motorist (hereinafter "UM") coverage. Plaintiffs filed suit in 2011 against the alleged at-fault driver, his liability insurer, and a guest passenger's UM insurer, Hanover. The case was allotted to Orleans Parish Civil District Court, Division "F," Judge Christopher Bruno. At some point during the litigation, Hanover asserted that a GEICO policy, covering the plaintiff's vehicle, provided UM coverage which primed Hanover's coverage. Cross-motions for summary judgment were filed by GEICO and Hanover. At

1

issue was whether a UM waiver form, executed by plaintiff Mark Gates in 1998, was still valid pursuant to the 2010 version of La. R.S. 22:1406.

On January 16, 2019, Judge Bruno signed a rule to show cause scheduling the hearing date for the summary judgment motions for March 22, 2019.[1] However, on March 22, 2019, the parties appeared before Judge Paulette Irons and argued the motions. Following argument of counsel, Judge Irons, ruling from the bench, granted Hanover's motion for summary judgment and denied GEICO's motion for summary judgment.

A written judgment was circulated by GEICO wherein, pursuant to La. Dist. Ct. Rule 9.5, counsel for GEICO certified he received the approval of all counsel as to the form of the judgment before presenting it to the trial court. The judgment states that "the Hon. Paulette Irons presid[ed] in place of the Hon. Christopher J. Bruno." The judgment was signed by Judge Bruno on May 24, 2019 and notice of signing of the judgment was mailed on May 28, 2019. GEICO filed a motion and order for appeal on August 2, 2019 which was signed by Judge Bruno on August 9, 2019. This appeal followed.

## DISCUSSION

GEICO avers that the trial court erred in determining that, because the 1998 UM waiver form would not have complied with the version of the UM statute effective between 1999 and 2003, the waiver form was rendered permanently

---

[1] The rule to show cause is erroneously dated January 16, 2018. However, corresponding orders attached to the motions for summary judgment filed by GEICO and Hanover were also signed by Judge Bruno setting the date of the hearing for March 22, 2019.

invalid. However, because we find the judgment not appealable for the reasons set forth below, we remand the matter to the trial court to allow Judge Irons to sign the judgment.[2]

An Appellate court has a duty to determine, *sua sponte*, whether the court has proper jurisdiction to consider the merits of an appeal filed in the court. *Moon v. City of New Orleans*, 2015-1092, p. 5 (La.App. 4 Cir. 3/16/16), 190 So.3d 422, 425. An appellate court cannot reach the merits of an appeal unless its jurisdiction is properly invoked by a valid final judgment. *Id.*

"Except as otherwise provided by law, every final judgment shall contain the typewritten or printed name of the judge and be *signed by the judge*." La. C.C.P. art. 1911(A) (emphasis added). "For the purposes of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled." La. C.C.P. art. 1911(B). Louisiana jurisprudence has interpreted the phrase "the judge" to mean the judge who presided over the hearing; thus only the presiding judge has authority to render and sign the written judgment. *See Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools*, 593 So.2d 892, 894 (La.App. 5th Cir. 1992) (citing *Ledoux v. Southern Farm Bureau Cas. Ins. Co.*, 337 So.2d 906 (La.App. 3d Cir. 1976)); *Mullins v. Mississippi Valley Silica Co., Inc.*, 2008-0330, p. 1 (La.App. 4 Cir. 3/20/08), 982 So.2d 209, 210; *Acker v. Bailiff*, 47,160, pp. 4-5 (La.App. 2 Cir. 6/27/12), 94 So.3d 1011, 1014; *State in Interest of I.K.*, 2018-0406, p. 4 (La.App. 1

---

[2] We issue this ruling prior to the scheduled docket date in the interest of justice and efficiency in order to save the parties the expense and effort of preparing for oral argument.

Cir. 9/21/18), 257 So.3d 694, 696. "Until the judgment is signed by the judge who conducted the trial, there is no final judgment." *Ourso v. Ourso*, 482 So.2d 824, 826 (La.App. 4th Cir. 1986).

Judge Irons presided over the March 22, 2019 hearing on the cross-motions for summary judgment and issued a ruling from the bench. However, when the written judgment was submitted, it was submitted to Judge Bruno for signature. This is not an informality that may be corrected by the trial court under La. C.C.P. art. 2088(A)(4),[3] rather it is a fatal defect. *Louisiana Paving Co., Inc.*, 593 So.2d at 895. Therefore, we find the judgment signed by Judge Bruno cannot be considered a valid final appealable judgment, and this Court lacks jurisdiction to consider the merits of the appeal.

## DECREE

For the foregoing reasons, we dismiss the appeal without prejudice.[4] The case is remanded to the trial court to enable Judge Paulette Irons, the presiding judge at the March 22, 2019 hearing, to render and sign the written judgment.

**APPEAL DISMISSED WITHOUT PREJUDICE;
REMANDED WITH INSTRUCTIONS**

---

[3] La. C.C.P. art. 2088(A)(4) provides that, after the granting of an order of appeal, a trial court retains jurisdiction to "[c]orrect any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132."

[4] In the event of a subsequent appeal of this matter, the parties may move to "adopt and incorporate" the appellate record in this appeal into the appellate record of the subsequent appeal.