STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CU 1030

IN RE: M.L.M.

Judgment Rendered: **APR 2 3 2020**

* * * * * *

On appeal from the
Twentieth Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana
Docket Number 38953

Honorable Kathryn E. Jones, Judge Presiding

* * * * * *

Kathleen M. Wilson                          Counsel for Defendant/Appellant
Baton Rouge, LA                             Lynell Matthews, Jr.


Charles E. Griffin, II                      Counsel for Plaintiff/Appellee
St. Francisville, LA                        Shimeka S. White, et al.


* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**GUIDRY, J.**

This is an appeal of a May 1, 2019 judgment denying the appellant's motion to vacate the judgment and/or for a new trial. For the reasons that follow, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Appellant Lynell Matthews, Jr., and Appellee Shimeka S. White, who were never married, are the parents of a minor child, M.L.M., born on August 3, 2007. In December of 2008, the parties were granted joint custody of their minor child, with Ms. White designated as the domiciliary parent; Mr. Matthews was ordered to pay child support.

On March 20, 2017, Mr. Matthews filed a rule to modify child support and visitation. After several continuances, Mr. Matthews' rule was scheduled to be heard on July 3, 2017. On or about June 15, 2017, Ms. White filed a rule for contempt and continuance. Ms. White's rule hearing was also scheduled to be heard on July 3, 2017, at which time that hearing was passed by the parties "subject to re-assignment."

Thereafter, in September of 2018, Mr. Matthews moved to have his rule to modify child support and visitation reset; the court scheduled the matter for November 5, 2018. Present at the November 5 hearing were Mr. Matthews, his attorney, and Ms. White's attorney of record. Ms. White was not present, and due to confusion about whether her attorney of record would continue to represent her, the court then again rescheduled the matter to be heard on December 3, 2018.[2]

At the hearing on December 3, 2018, with a "stand-in" judge on the bench, and only Ms. White and her attorney present in court, Mr. Matthews' rule to

---

[2] At the March 18, 2019 hearing on the motion for new trial, the parties and trial court discussed the fact that at the November 5, 2018 hearing, it was unclear whether Ms. White's attorney would continue to represent her. As a result, the court ordered personal service on Ms. White, as opposed to service through her attorney of record.

modify child support and visitation was dismissed.[3] The court then took up Ms. White's rule for contempt, and rendered judgment in favor of Ms. White and against Mr. Matthews. A judgment was signed on December 10, 2018.

On December 21, 2018, Mr. Matthews filed a "motion to vacate judgment and/or for new trial." Mr. Matthews argued, in essence, that he had not been served with notice of the rule for contempt hearing, and prayed that the judgment be annulled due to insufficiency of service. After a hearing on the matter, the trial court, in a judgment signed on May 1, 2019, denied Mr. Matthews' motion to vacate the December 10, 2018 judgment and/or for a new trial. Mr. Matthews now appeals that judgment, contending that the trial court erred by failing to annul the judgment.[4]

## DISCUSSION

Louisiana Code of Civil Procedure article 1911 requires that every final judgment shall be signed by the judge, except as otherwise provided by law. This has been interpreted to mean that the judge before whom the case was tried must sign the judgment. Employers Nat. Ins. Co. v. Workers' Comp. Second Injury Bd., 95-1756, p. 3 (La. App. 1st Cir. 4/4/96), 672 So. 2d 309, 311. A judgment signed by a judge, other than the one which presided over the hearing, is invalid. See Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools, 593 So. 2d 892 (La. App. 5th Cir. 1/29/92) and Ledoux v. Southern Farm Bureau Casualty

---

[3] During the December 3, 2018 hearing, the judge noted that both parties were present on the November 5 hearing date. However, during the March 18, 2019 hearing on the motion for new trial, Mr. Matthews argued that he was not present at the December 3 hearing because he was not able to personally serve Ms. White.

[4] This court issued a rule to show cause order, directing the parties to show cause whether this appeal should be dismissed for an untimely motion for new trial. The parties responded, and we note that although the pleading was alternatively captioned as a motion for new trial, we interpret it to attack the prior judgment as a nullity; therefore, the time delays for a motion for new trial are inapplicable. Because Mr. Matthews raised issues of a null judgment in his motion, his appeal was timely under La. C.C.P. art. 2001 et seq., which address the grounds for nullity of a final judgment. See Hood v. Cajun Constructors, Inc., 10-0845, (La. App. 1st Cir. 2/11/11), 57 So. 3d 595. Further, the parties were granted leave by this court to file supplemental briefs limited to the issue of the finality of the December 10, 2018 judgment.

3

Insurance Company, 337 So. 2d 906 (La. App. 3rd Cir. 9/29/76). Moreover, a judgment signed by a judge who did not preside over the trial is fatally defective and does not constitute a final judgment over which this court can exercise appellate jurisdiction. Until the judge who conducted the trial signs the judgment, there is no final judgment. State in Interest of I.K., 18-0406, p. 4 (La. App. 1st Cir. 9/21/18), 257 So. 3d 694, 696-697.

In this matter, the minutes show that Judge William Carmichael presided over the December 3, 2018 hearing. The minute entry reads, "[H]ON. WILLIAM G. CARMICHAEL, STANDING IN FOR KATHRYN E. JONES." Judge Carmichael orally ruled on Mr. Matthews' rule to modify child support and Ms. White's motion for contempt. The written judgment reflects Judge Carmichael's name typed below the signature line; however, the judgment was signed by Judge Jones.

Although there are exceptions allowing a judge who did not hear a matter to sign a judgment, none apply here. Under La. C.C.P. art. 253.3, a duty judge is permitted to hear and sign specific orders and judgments; however, the judgment at issue, which reflects the substantive ruling of another judge, is not one of those specified. Nor was this a case involving a successor judge pursuant to La. R.S. 13:4209, as Judge Carmichael simply "stood-in" for Judge Jones.[5]

---

[5] Louisiana Revised Statutes 13:4209 provides:

A. In all cases heard and taken under advisement of the district judge or judges of the city courts, if the judge before whom a case is tried dies, resigns, or is removed from office, or if his term expires before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing. If it is a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one is found in the record, or if the parties to the suit agree upon a statement of facts. If the testimony is not in the record, and there is no statement of facts, the case shall be tried de novo.

B. (1) In cases which are heard and in which judgment is rendered, but not signed, whether the case was taken under advisement or not, if the judge who rendered the judgment dies, resigns, or is removed from office, or if his term expires before

4

A judgment signed by a judge who did not preside over the trial is not an informality, irregularity, or misstatement which may be corrected by the trial court under La. C.C.P. art. 2088(4), but is instead a fatal defect. Employers Nat. Ins. Co., 95-1756 at p. 5, 672 So. 2d at 312. Absent the signature of the judge required by La. C.C.P. art. 1911, there is no final judgment. Moreover, if a judgment not signed as required by La. C.C.P. art. 1911 is not considered a final judgment on direct appeal, it cannot be considered a final judgment simply because there was no direct appeal wherein the fatal defect would have been discovered and corrective measures ordered. Acker v. Bailiff, 47,160, p. 10 (La. App. 2nd Cir. 6/27/12), 94 So. 3d 1011, 1017.

In his motion to vacate the judgment, the appellant herein prayed that the December 10, 2018 judgment be annulled for fraud or ill practices. However, for differing reasons, aligned with the jurisprudence set forth above, we find that the December 2018 judgment is fatally defective and must be vacated. In light of this finding, we reverse the trial court's May 1, 2019 judgment, which denied the appellant's motion to vacate the December 10, 2018 judgment and/or for a new trial.

## CONCLUSION

For the above and foregoing reasons, the May 1, 2019 judgment is reversed and the December 10, 2018 judgment is vacated. This case is remanded for further proceedings. The assessment of the costs of this appeal is deferred until a final determination on the merits.

---

signing judgment in the case, his successor in office shall have the authority to sign a judgment which conforms with the judgment rendered.

(2) If a prior judge has stated an affirmative intent to sign a judgment and failed to do so for whatever reason, the successor judge is empowered to sign the judgment.

**MAY 1, 2019 JUDGMENT REVERSED; DECEMBER 10, 2018 JUDGMENT VACATED; REMANDED.**