**TASHA PAYNE, ET AL.**      *      **NO. 2021-CA-0135**

**VERSUS**      *

    **COURT OF APPEAL**

**ST. BERNARD PARISH**      *
**HOSPITAL SERVICE**      **FOURTH CIRCUIT**
**DISTRICT, ET AL.**      *

    **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 20-0040, DIVISION "A"
Honorable Robert J. Klees, Judge Pro Tempore
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Rosemary Ledet)

John A. Venezia
Julie O'Shesky
VENEZIA & ASSOCIATES
757 St. Charles Ave., Suite 302
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLANTS


Carl E. Hellmers, III
Stephanie D. O'Brien
FRILOT L.L.C.
3700 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

    COUNSEL FOR DEFENDANT/APPELLEE, OCHSNER MEDICAL
    CENTER-WESTBANK, LLC

Paul A. Tabary, III
Elizabeth R. Borne
TABARY & BORNE, L.L.C.
3 Courthouse Square
Chalmette, LA 70043


      COUNSEL FOR DEFENDANT/APPELLEE, ST. BERNARD PARISH
      HOSPITAL SERVICE DISTRICT


                        **APPEAL DISMISSED**
                        **WITHOUT PREJUDICE**
                        **AND REMANDED**


                        **OCTOBER 13, 2021**

EAL

RLB

RML

The Appellants, Tasha Payne, Lawrent Payne, Parson Payne and Talia Payne, seek review of the January 5, 2021 judgment of the district court, granting the respective motions for summary judgment of Appellees, St. Bernard Parish Hospital Service District and Ochsner Medical Clinic-Westbank. Finding that the judgment sought to be reviewed is unappealable, we dismiss the instant appeal without prejudice and remand this matter to the district court for further proceedings.

"An appellate court has a duty to determine, *sua sponte*, whether it has proper jurisdiction to consider the merits of an appeal filed in the court." *Reaney-Gates v. Mendoza*, 19-0912, p. 3 (La. App. 4 Cir. 2/19/20), 293 So. 3d 77, 79 (citing *Moon v. City of New Orleans*, 15-1092, p. 5 (La.App. 4 Cir. 3/16/16), 190 So.3d 422, 425). The merits of an appeal cannot be reached by an appellate court unless its jurisdiction is properly invoked by a valid final judgment. *Id.* A valid final judgment does not exist in the instant appeal.

On December 3, 2020, Judge Robert Klees, judge *pro tempore*, presided over the hearing of the Appellees' respective motions for summary judgment.

1

However, the January 5, 2021 judgment, granting the motions, was rendered by Judge William McGoey. A fatal defect exists when a judgment is rendered by a non-presiding judge and the resulting judgment cannot be considered a final appealable judgment under La. Code Civ. Proc. art. 1911. *Reaney-Gates,* 19-0912, pp. 3-4, 293 So. 3d 77, 79-80.[1]

La. Code Civ. Proc. art. 1911, entitled *Final judgment; partial final judgment; signing; appeals* provides:

> A.     Except as otherwise provided by law, every final judgment shall contain the typewritten or printed name of the judge and be signed by the judge. Any judgment that does not contain the typewritten or printed name of the judge shall not be invalidated for that reason. Judgments may be signed by the judge by use of electronic signature. The various courts shall provide by court rule for the method of electronic signature to be used and to ensure the authenticity of the electronic signature.
>
> B.     For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled. No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.

Article 1911 has been interpreted to require that all final judgments shall be rendered by the same judge who presided over the case and that a final judgment does not exist until this occurs:

> Louisiana Code of Civil Procedure article 1911 requires that every final judgment shall be signed by the judge,

---

[1] "This is not an informality that may be corrected by the trial court under La. C.C.P. art. 2088(A)(4), rather it is a fatal defect." *Reaney-Gates,* 19-0912, p. 4, 293 So. 3d 77, 80 (citing *Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools,* 593 So.2d 892, 895 (La.App. 5th Cir. 1992).

except as otherwise provided by law. This has been interpreted to mean that the judge before whom the case was tried must sign the judgment. *Employers Nat. Ins. Co. v. Workers' Comp. Second Injury Bd.*, 95-1756, p. 3 (La. App. 1st Cir. 4/4/96), 672 So. 2d 309, 311. A judgment signed by a judge, other than the one which presided over the hearing, is invalid. See *Louisiana Paving, Co., Inc. v. St. Charles Parish Public Schools*, 593 So. 2d 892 (La. App. 5th Cir. 1/29/92) and *Ledoux v. Southern Farm Bureau Casualty Insurance Company*, 337 So. 2d 906 (La. App. 3rd Cir. 9/29/76).

Moreover, a judgment signed by a judge who did not preside over the trial is fatally defective and does not constitute a final judgment over which this court can exercise appellate jurisdiction. Until the judge who conducted the trial signs the judgment, there is no final judgment. *State in Interest of I.K.*, 18-0406, p. 4 (La. App. 1st Cir. 9/21/18), 257 So. 3d 694, 696-697.

*In re M.L.M.*, 19-1030, pp. 3-4 (La. App. 1 Cir. 4/23/20), 300 So. 3d 902, 905.

Considering that a fatal defect exists in the matter *sub judice* and the judgment signed by Judge McGoey is an invalid and unappealable judgment, we find that this Court lacks jurisdiction to consider the merits of this appeal. Thus, we remand this matter to the district court for further proceedings.

**DECREE**

For the foregoing reasons, we dismiss this appeal without prejudice and remand this matter to the district court for further proceedings.

**APPEAL DISMISSED**
**WITHOUT PREJUDICE**
**AND REMANDED**

3