hPER CURIAM.
This is an appeal from a judgment of the Office of Workers’ Compensation (“OWC”), granting a motion for involuntary dismissal of the claims of plaintiff, Barbara A. Davies, with prejudice at her costs. For the reasons set forth below, we annul the judgment and remand this matter to the OWC for the signing of a valid judgment by the judge who presided over the case.
This matter came on for hearing on August 14, 2001, before the Honorable Sheral Kellar, Chief Judge, Hearings Section, OWC. After considering the testimony and evidence presented, Judge Kellar concluded that the appellant’s self-serving testimony was not enough to sustain her heightened burden of proof with respect to occupational disease. Accordingly, the judge stated that the appellee’s motion for involuntary judgment of dismissal was granted and that the case was dismissed at the claimant’s cost. However, when the judgment of dismissal was signed on August 29, 2001, the judgment was signed by the Honorable Rosa C. Whitlock. The signature line on the judgment indicated that Judge Whitlock was signing “for Sheral Keller.”
On February 14, 2002, this Court issued a rule to show cause to Judge Whitlock, ordering her to show cause in writing why the judgment should not be annulled. This Court noted that under the provisions of La. C.C.P. art. 1911, every final judgment shall be signed by the judge, except as otherwise provided by law. Furthermore, we noted that the term “the judge,” as used in Article 1911 is interpreted to mean the judge before whom the case was tried; a judgment signed by another judge is invalid. See, Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools, 593 So.2d 892 (La.App. 5th Cir.1992). This same principle is applicable in workers’ compensation proceedings. Employers Nat. Ins. Co. v. Workers’ Compensation Second Injury Bd., 95-1756 (La.App. 1st Cir.04/04/96), 672 So.2d 309.
Nothing in the appellate record indicated why the judgment in this case was not signed by the judge who tried the case. This Court recognized that a successor judge may decide a case in the circumstances set forth in La. R.S. 13:4209, but the record in this case did not indicate that those statutory provisions had application. Accordingly, we issued the order to Judge Whitlock.
By letter dated February 25, 2002, Judge Kellar responded to this Court’s order to Judge Whitlock. Judge Kellar indicated that although Judge Wdiitlock is the presiding judge in District 1W— Shreveport, the Northwestern District of the OWC, Judge Kellar, was assigned to handle the docket during the week of August 13, 2001. Judge Kellar conducted the trial in this matter, ruled from the bench and requested a judgment be prepared in accordance with her oral ruling. When the judgment was submitted, Judge Whit- *1283 lock had resumed her duties as presiding officer and Judge Kellar had returned to Baton Rouge, Louisiana. Judge Kellar indicated that she simply requested Judge Whitlock sign the judgment in her stead rather than mailing the original to Baton Rouge for Judge Kellar’s signature.
Judge Kellar also indicated in her letter that it was not unusual for one workers’ compensation judge to hear a case, rule from the bench, and then another to sign the judgment once reduced to writing. Judge Kellar | snoted that the hearing system of the OWC enjoys statewide jurisdiction. Accordingly, judges may and often do preside over workers’ compensation disputes throughout the state, although they generally are assigned to district offices established by the Director of the OWC. According to Judge Kellar, the presiding judge who tries the case invariably intends to sign the judgment once submitted and would do so “except for situations like the one presented herein, where he/she has returned to his/her assigned office.”
While we appreciate the statewide jurisdiction of the OWC, and the fact that workers’ compensation judges often preside over disputes throughout the state, we agree with the First Circuit’s decision in Employers Nat. Ins. Co., supra, that only the hearing officer who hears a case in workers’ compensation has the authority to sign the final judgment and that a judgment signed by another judge is invalid. The principle that a final judgment must be signed by the judge who heard the case is well established, and, like the First Circuit, we see no reason to depart from that rule when the judge is a workers’ compensation judge. The result would be no different if a judge from one judicial district, or a retired judge, was appointed temporarily to a court in another part of the state but then relinquished the position once the temporarily-absent judge was able to return to the bench. In those circumstances, if the appointed judge tried and decided a case, then that judge would have to sign the judgment, even though he or she may have returned to another part of the state before signing. While a different rule might be more convenient, the current rule is easy enough to comply with and serves the important purpose of avoiding mistakes in judgments that could be easily corrected.
|4For the reasons set forth above, the judgment rendered by Judge Whitlock is annulled, and the matter is remanded to the OWC for the signing of a valid judgment by Judge Kellar within 30 days of the date of this decision. The assessment of the costs of this appeal is deferred until a final judgment on the merits.
JUDGMENT ANNULLED; CASE REMANDED.