DRAKE, J.
This is an appeal of a judgment granting sole custody of the minor child, to the father and granting the mother supervised visitation for a period of up to eight hours each week. For the following reasons, we vacate the judgment.
FACTS AND PROCEDURAL HISTORY
This matter arises out of a child custody dispute of a three-year old minor child between the mother, Janice Sullivan, and the father, David Henry. At the outset we note that the hearing to determine custody took place on October 22, 2015, before Judge Dawn Amacker. Subsequently, on November 10, 2015, Judge Amacker re-cused herself and re-allotted the case to Division “K” of the 22nd Judicial District Court, Parish of St. Tammany. Judge Mary Devereux is the judge for Division “K.” Sullivan filed an objection of the re-allotment to Division “K,” claiming the matter was not randomly allotted. On February 12, 2016, based on the hearing that took place on October 22, 2015, before Judge Amacker, Judge Devereux entered the judgment from which Sullivan appeals.
A threshold issue in any case is whether this court’s appellate jurisdiction is properly invoked by a valid final judgment. See La. C.C.P. art. 2083; Rush v. Rush, 2012-1502 (La.App. 1 Cir. 3/25/13), 115 So.3d 508, 511, unit denied, 2013-0911 (La. 5/31/13), 118 So.3d 398. Under the provisions of La. C.C.P. art. 1911, every final judgment shall be signed by the judge, except as otherwise provided by law. Employers Nat. Ins. Co. v. Workers’ Comp. Second Injury Bd., 95-1756 (La. App. 1 Cir. 4/4/96), 672 So.2d 309, 311.
A judgment signed by a judge who did not preside over the trial is fatally defective and does not constitute a final judgment over which this court can exercise appellate jurisdiction. Employers Nat. Ins. Co., 672 So.2d at 312; Herrmann v. Hernandez, 2010-2337 (La.App. 1 Cir. 6/10/11), 2011 WL 3242298; see also Acker v. Bailiff, 47,160 (La.App. 2 Cir. 6/27/12), 94 So.3d 1011, 1014 (stating that “[u]ntil the judge who conducted the trial signs the judgment, there is no final judgment”). The term “the judge,” as used in La. C.C.P. art. 1911 is interpreted to mean the judge before whom the case was tried; a judgment signed by another judge is invalid. Davies v. Johnson Controls, 36,086 (La. App. 2 Cir. 3/14/02), 810 So.2d 1281, 1282. See Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools, 593 So.2d 892 (La.App. 5 Cir. 1992).
In her written reasons for judgment, Judge Devereux noted that after the hearing conducted by Judge Amacker, Sullivan hired a new attorney, prompting Judge Amacker to recuse herself. Judge Dever-eux relied on La. R.S. 13:4209 to render judgment based on the oral reasons of Judge Amacker. Judge Devereux reasoned that if the prior judge rendered reasons, but had not yet reduced a judgment to writing, the “successor” judge has authority to sign a judgment that conforms with the judgment rendered.
Louisiana Revised Statutes 13:4209 provides:
A. In all cases heard and taken under advisement of the district judge or judges of the city courts, if the judge before whom a case is tried dies, resigns, or is removed from office, or if his term expires before rendering his judgment in the case, his successor in office *503 shall decide the case from the evidence in the record, if all of the testimony is in ■writing. If it is a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one is found in the record, or if the parties to the suit agree upon a statement of facts. If the testimony is not in the record, and there is no statement of facts, the case shall be tried de novo.
B. (1) In cases which are heard and in which judgment ■ is rendered, but not signed, whether the case was taken under advisement or not, if the judge who rendered the judgment dies, resigns, or is removed from office, or if his term expires before signing judgment in the case, his successor in office shall have the authority to sign a judgment which conforms with the judgment rendered.
(2) If a prior Judge has stated an affirmative intent to sign a judgment and failed to do so for whatever reason, the successor judge is empowered to sign the judgment.
As we noted in Starkey v. Starkey, 2013-0166 (La.App. 1 Cir. 8/6/13), 122 So.3d 579, 583, “[t]he authority granted under the provisions of La. R.S. 13:4209 clearly applies only when one judge succeeds to the office’or seat of another judge and not when a judge simply inherits a case from a judge.” In the present case, Judge Amacker did not die, resign, be removed from office, or have her term expire, as required by La. R.S. 13:4209. Instead, she recused herself, and Judge Devereux inherited the case from Judge Amacker. Although in her written reasons, Judge Devereux attempts to distinguish Starkey from the present facts, we disagree that Starkey is distinguishable, and we find that Judge Devereux was not a “successor judge” for purposes of La. R.S. 13:4209. Henry also attempts to distinguish the Starkey case from the present facts, claiming the Judge Devereux did not merely sign the judgment, but reviewed the evidence and made her own decision.
In- Starkey, after two judges had re-cused themselves, the matter was re-allotted to a third judge. The third judge heard additional testimony, ordered the transcripts from the prior hearings, and reviewed the evidence. Starkey, 122 So.3d at 582-83. He then decided that the first judge’s ruling was valid and signed a judgment in conformity of the ruling. We do not find the facts of the present case distinguishable from Starkey. As noted in the concurring opinion of Starkey, the third judge, “was faced with a procedural shortcoming and no efficient solution.” Furthermore, the definition of “successor judge” can only be expanded by the legislature. Starkey, 122 So.3d at 584 (J. Crain, concurring).
The trial court also relied on La. R.S. 46:236.5, which allows courts to have a hearing officer act as a fact finder to hear paternity, support, and other domestic and family related matters. The hearing officer takes testimony and issues written recommendations to the trial court, which can either accept, reject or modify those findings. La. R.S. 46:236.5(0(6). We do not find La. R.S. 46:236.5 ■ analogous to the present situation. The process set forth by La. R.S. 46:236.5(0) permits all parties to be provided with the hearing officer’s recommendations and provides an opportunity for all parties to object to those recommendations. The trial court must have a contradictory hearing on any objections. La. R.S. 46:236(0(6). It is only after the process that the trial court may accept, reject, or modify in whole or in part the findings of the hearing officer. The trial court may also receive additional evidence at the hearing or remand the proceeding *504 to the hearing officer. La. R.S. 46:236(0(6).
Furthermore, it is unnecessary to find an analogous statute, since the specific statute La. R.S. 13:4209 applies to judges. For the reasons stated above, Judge Dev-ereux does not qualify as a “successor” judge pursuant to La. R.S. 13:4209. Therefore, this court lacks appellate jurisdiction to consider the merits of the arguments presented. La. C.C.P. art. 2083.
CONCLUSION
For the above and foregoing reasons, we vacate the trial court’s judgment of February 12, 2016. This case is remanded for further proceedings. Costs of this appeal are. assessed against the appellee, David Henry.
VACATED AND REMANDED.