MCCLENDON, J.
In this property dispute, the defendants appeal a trial court judgment that dismissed their motion to nullify an earlier judgment with prejudice and a trial court judgment that denied their motion for new trial. For the following reasons, we affirm.
This case began as a possessory action between two adjacent landowners, the plaintiff, Eli Kfoury, and the defendants, Larry and Natalie Coupel. At a hearing on April 15, 2009, a compromise settlement was reached by the parties. After the agreement was read into the record, the trial court confirmed the parties' understanding and willingness to enter into the agreement. Subsequently, in accordance with the agreement, a property survey was completed that established a boundary line between the two properties. Thereafter, on June 8, 2009, Mr. Kfoury filed a motion to enforce the settlement agreement. Following *798 a hearing, the trial court signed a judgment on July 20, 2009, enforcing the terms of the settlement agreement rendered in open court and adopting the boundary line established in the survey. The Coupels filed a motion for new trial, which was denied. The Coupels then appealed. On February 11, 2011, this court affirmed the trial court's decision. See Kfoury v. Coupel, 10-1254 (La.App. 1 Cir. 2/11/11) (unpublished) (2011 WL 766960), writ denied, 11-0752 (La. 5/27/11), 63 So.3d 1000. The Coupels sought review with the supreme court, which was denied.
Several years later, on September 15, 2017, the Coupels filed a Rule to Nullify Judgment and Exception of Peremption of Action, contending that the July 20, 2009 judgment was obtained by fraud and ill practices. The Coupels argued that the survey adopted by the trial court was "a fraud" and that there was fraud in the identity of Mr. Kfoury. In response, Mr. Kfoury filed several exceptions, including a Dilatory Exception of Unauthorized Use of Summary Proceedings, Declinatory Exception of Insufficiency of Citation and Service, Peremptory Exception of Peremption and/or Prescription, and a Peremptory Exception of No Cause of Action.
At the beginning of the hearing on the Coupels' rule and Mr. Kfoury's exceptions, counsel for the Coupels orally moved to withdraw the motion to nullify the judgment. The Coupels' attorney admitted to the trial court that he believed the matter was time barred, which was the reason for his request to withdraw the motion to nullify. He stated that on review of earlier testimony given by Mr. Coupel in a federal matter, Mr. Coupel knew of the fraud allegations more than a year before the filing of the motion to nullify.[1] Counsel for Mr. Kfoury replied that he had no objection to the withdrawal of the motion, but requested that it be dismissed with prejudice, acknowledging that counsel for the Coupels, in good faith and as an officer of the court, recognized it was time barred. The trial court agreed and dismissed the rule with prejudice. The trial court signed a judgment on November 30, 2017, dismissing the rule to nullify the judgment with prejudice.[2]
Represented by new counsel, the Coupels then filed a motion to amend the November 30, 2017 judgment or, in the alternative, a motion for new trial. After a hearing on February 15, 2018, this motion was denied, and the trial court signed a judgment on February 23, 2018. The Coupels then appealed the November 30, 2017 judgment and the February 23, 2018 judgment.
In their appeal, the Coupels allege that the trial court erred in failing to dismiss *799 the rule to nullify without prejudice based on the Coupels' unauthorized use of summary proceedings. Specifically, they contend that the trial court should have simply dismissed their rule to nullify the judgment without prejudice, as it had no authority to consider the rule, and not issue a judgment at all, because the rule was time barred. We disagree.
An action to annul a judgment on the grounds of fraud or ill practices must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. LSA-C.C.P. art. 2004B.[3] The one-year limitation to file an action to annul is a period of peremption, and the burden of proof to show that a nullity action was brought within one year of the discovery of the fraud or ill practice is on the proponent of the nullity action. Greenland v. Greenland, 08-2568 (La.App. 1 Cir. 12/9/09), 29 So.3d 647, 653, writ denied, 10-0004 (La. 3/5/10), 28 So.3d 1011.
In this matter, the record clearly shows that the Coupels raised the same allegations of fraud and ill practices at a hearing in federal bankruptcy court more than one year prior to the filing of the motion to nullify.[4] Therefore, any action to annul the final judgment of July 20, 2009, is perempted. Accordingly, we find that the trial court did not err in dismissing the motion to nullify the July 20, 2009 judgment with prejudice, and it did not abuse its discretion in denying the Coupels' motion for new trial.[5] All costs of this appeal are assessed to the defendants, Larry Coupel and Natalie Coupel.
AFFIRMED.

Counsel for the Coupels stated:
My client disagrees with my decision to do this, so I'd like to just briefly state why I'm withdrawing the motion. This is a 2009 judgment. We filed a motion to nullify based on an investigator's report and a surveyor's report ... suggesting there were some irregularities in the original judgment. Since then, I've had the opportunity to review a federal transcript where Mr. Coupel testified and apparently acknowledged that he had some awareness of these irregularities, the alleged fraud in the judgment. That hearing was more than a year before we filed the motion to nullify. And I filed this under Louisiana Code of Civil Procedure article 2004, which states that an action to nullify the judgment has to be brought within one year of the discovery by the plaintiff of any fraud or ill-practice. Based on that ... I don't want to call [Mr. Coupel] as a witness to say that he was not aware of this. ... I think it's time-barred, your Honor.

We note that no objection was made in open court when counsel requested that the rule be dismissed with prejudice. We also note that no objection was made to the proposed judgment when it was circulated between counsel.

Louisiana Code of Civil Procedure article 2004 provides:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

The hearing in federal court was held on January 19, 2016, in In the Matter of Larry L. Coupel and Natalie A. Coupel, No. 10-13429, of the United States Bankruptcy Court, for the Eastern District of Louisiana.

A new trial shall be granted upon contradictory motion of any party when the judgment appears clearly contrary to the law and the evidence or when the party has discovered new evidence that he could not have obtained before or during trial. LSA-C.C.P. art. 1972 ; Henry v. Sullivan, 16-0564 (La.App. 1 Cir. 7/12/17), 223 So.3d 1263, 1272. In addition, a discretionary ground for a new trial is set forth in LSA-C.C.P. art. 1973, which authorizes a trial court to grant a new trial in any case if there is good grounds therefor. Louisiana jurisprudence is clear that a new trial should be ordered when the trial court, exercising its discretion, is convinced by its examination of the facts that the judgment would result in a miscarriage of justice. Henry, 223 So.3d at 1272. The denial of a motion for new trial, whether on peremptory or discretionary grounds, should not be reversed unless there has been an abuse of the trial court's discretion. Id.