**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0584

DOCTORS FOR WOMEN MEDICAL CENTER, L.L.C., CRAIG M. LANDWEHR, M.D., L.L.C., AND CRAIG M. LANDWEHR, M.D., IN HIS CAPACITY AS A TRUSTEE OF THE DOCTORS FOR WOMEN MEDICAL CENTER, L.L.C. PROFIT SHARING PLAN & TRUST

VERSUS

PATRICK VERNON BREEN, RYAN MICHAEL BREEN, DEVIN THOMAS BREEN, BRIDGET BREEN DUNBAR, SEAN MICHAEL BREEN, KACIE BREEN, INDIVIDUALLY AND IN HER CAPACITY AS TUTOR OF THE MINOR CHILD AIDEN BREEN, HUB INTERNATIONAL GULF SOUTH LIMITED, A DIVISION OF HUB INTERNATIONAL MIDWEST LIMITED, MERRILL LYNCH, FENNER & SMITH, INC., AND WAYNE E. BREEN, M.D., LLC

CONSOLIDATED WITH

2019 CA 0585

IN THE MATTER OF THE SUCCESSION OF WAYNE EDMOND BREEN DECEASED

Judgment rendered: ___**JUN 0 1 2020**___

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
No. 2015-12925 c/w 2015-30176, Div. "E"

The Honorable William H. Burris, Judge Presiding

* * * * *

Darryl T. Landwehr
New Orleans, LA

Attorney for Plaintiffs/Appellees
Doctors for Women Medical Center, L.L.C., Craig M. Landwehr, M.D., L.L.C., and Craig M. Landwehr, M.D., in his Capacity as a Trustee of the Doctors for Women Medical Center, L.L.C. Profit Sharing Plan & Trust

*Welch, J. Concurs in result*

*McClendon, J., concurs w/out reasons*

Antonio Le Mon
Covington, LA

Attorney for Defendant/Intervenor
Aaron Dylan Knapp

J. Craig Diamond
Covington, LA

Attorney for Defendants/Appellees
Bridget Breen Dunbar,
Patrick Vernon Breen, Ryan Michael
Breen, Devin Thomas Breen

Richard Ducote
Covington, LA

Attorney for Defendant/Appellee
Kacie Breen, individually and in the
Capacity as Tutor of the Minor Child
Aiden Breen

Sean Michael Breen
Mandeville, LA

*Pro Se* Defendant/Appellant

Jonathan G. Wilbourn
Baton Rouge, LA

Attorneys for Defendant/Appellee
Merrill Lynch, Pierce, Fenner &
Smith, Inc.

James R. Carter
New Orleans, LA

Attorney for Defendant/Appellee
HUB International Gulf South
Limited, A Division of HUB
International, Midwest Limited

Darryl T. Landwehr
New Orleans, LA

Attorney for Defendants/Appellees
EPI Center of Covington, LLC and
SLB, LLC

B. Wesley Pitts
Alex J. Peragine
Covington, LA

Attorneys for Defendants/Appellees
Tranchina & Mansfield, LLC and
Mark Mansfield

Paul A. Lea, Jr.
Covington, LA

*Pro Se* and Attorney
for Defendant/Intervenor Paul A. Lea,
Jr., APLC

\* \* \* \* \*

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

2

**HOLDRIDGE, J.**

This is an appeal from a trial court judgment granting a motion for summary judgment and denying a motion for new trial as to that judgment. For the following reasons, we dismiss this appeal.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from the death of Wayne Edmond Breen (hereinafter sometimes referred to as "Wayne" or "Dr. Breen") on March 1, 2015. On that date, Kacie Breen (hereinafter sometimes referred to as "Kacie") shot her husband Wayne, resulting in his death.[1] Wayne and Kacie had one minor child from their marriage. Wayne also had five children from a prior marriage (referred to collectively herein as "the adult Breen children")[2] and another adult child from an extra-marital relationship over two decades ago.[3]

On July 17, 2015, Doctors for Women Medical Center, L.L.C., Craig M. Landwehr M.D., L.L.C., and Craig M. Landwehr, M.D., in his Capacity as a Trustee of the Doctors For Women Medical Center, L.L.C. Profit Sharing Plan & Trust (referred to collectively herein as "Doctors for Women"), filed a "Petition For Concursus Proceeding," naming as defendants the adult Breen children; Kacie, individually and in her capacity as tutor of the minor child, Aiden Breen; HUB International Gulf South Limited, A Division of HUB International Midwest Limited; Merrill Lynch, Pierce, Fenner & Smith, Inc.;[4] and Wayne E. Breen M.D.,

---

[1] In **Pruco Life Insurance Co. v. Breen**, 289 F.Supp.3d 777, 798-99 (E.D. La. 2017), aff'd, 734 Fed.Appx. 302 (5th Cir. 2018), the federal district court held that Wayne's adult children did not meet their burden of proving that Kacie did not act in self-defense in shooting Wayne.

[2] The adult Breen children are Bridget Marie Breen Dunbar, Patrick Vernon Breen, Ryan Michael Breen, Devin Thomas Breen, and Sean Michael Breen.

[3] Aaron Dylan Knapp is Dr. Breen's sixth adult child.

[4] Merrill Lynch, Pierce, Fenner & Smith was misnamed in the caption of the concursus petition as "Merrill Lynch, Fenner & Smith, Inc."

3

LLC.[5] Doctors for Women sought to resolve the defendants' claims to the proceeds or funds due them from the profit sharing plan and trust from Wayne's medical practice upon his death. After Aaron Dylan Knapp, Wayne's sixth biological adult child (referred to herein as "Aaron"), filed a petition for intervention in the concursus proceeding to assert his interest, Doctors for Women moved to amend the concursus proceeding to add Aaron as a defendant.[6] The motion was later granted. The concursus proceeding was consolidated with the succession proceeding, "In the Matter of the Succession of Wayne Edmond Breen," docketed as suit number 2015-30176.

On May 23, 2018, the trial court signed a judgment that, among other rulings, granted a motion for summary judgment filed by Kacie. The judgment stated that the judgment was final and immediately appealable pursuant to La. C.C.P. art. 1915. We note that the record before us does not contain most of the pleadings that are the basis for this judgment, particularly the motion for summary judgment.

Sean Michael Breen (hereinafter "Sean") moved for a new trial as to the grant of the motion for summary judgment. On August 24, 2018, the trial court signed a judgment that, among other rulings, denied the motion for new trial. On September 24, 2018, Sean and Aaron filed a motion for appeal of the May 23, 2018 judgment granting the motion for summary judgment and the August 24, 2018 judgment denying the motion for new trial.[7] Sean and Aaron assigned as error the trial court's grant of the motion for summary judgment, and Aaron also

---

[5] The concursus proceeding was docketed as suit number 2015-12925, and the appeal docketed as 2019 CA 0584 arises from that proceeding.

[6] Paul A. Lea, Jr. and Paul A. Lea, Jr., APLC, also intervened in the concursus proceeding to recoup legal fees incurred in the representation of Kacie.

[7] Sean and Aaron also appealed a judgment signed on August 29, 2017. That appeal is before this court under docket number 2019 CA 0582 consolidated with 2019 CA 0583.

4

assigned as error the trial court's denial of his motion to reconsider the consolidation of the succession and concursus proceedings. Kacie answered the appeal, contending that she was entitled to damages and attorney's fees on the basis that the appeal was frivolous.

## LAW AND DISCUSSION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's appellate jurisdiction only extends to "final judgments." **Rose v. Twin River Development, LLC**, 2017-0319 (La. App. 1 Cir. 11/1/17), 233 So.3d 679, 683; see also La. C.C.P. art. 2083(A).

A valid judgment must be "precise, definite, and certain." **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Carter v. Williamson Eye Center**, 2001-2016 (La. App. 1 Cir. 11/27/02), 837 So.2d 43, 44. Additionally, a final appealable judgment must contain appropriate decretal language disposing of or dismissing claims in the case. See **Joseph v. Ratcliff**, 2010-1342 (La. App. 1 Cir. 3/25/11), 63 So.3d 220, 224. These determinations should be evident from the language of a judgment without reference to other documents in the record, such as pleadings and reasons for judgment. **Laird**, 836 So.2d at 366. Thus, a judgment that does not contain decretal language cannot be considered as a final judgment for the purpose of an immediate appeal, and this

5

court lacks jurisdiction to review such a judgment. See **Johnson v. Mount Pilgrim Baptist Church**, 2005-0337 (La. App. 1 Cir. 3/24/06), 934 So.2d 66, 67.

Although a trial court may grant a partial judgment as to less than all the claims, demands, issues, or theories against a party and designate such judgment as a final judgment after an express determination that there is no just reasons for delay, as authorized by La. C.C.P. art. 1915, the judgment must still comply with the requirement that it contain decretal language. **Hill v. TMR Exploration, Inc.**, 2018-1074 (La. App. 1 Cir. 2/25/19), 2019 WL 938857, at *2 n.2 (unpublished); **Boyd Louisiana Racing, Inc. v. Bridges**, 2015-0393 (La. App. 1 Cir. 12/23/15) 2015 WL 9435285, at *2-3 (unpublished); see also **Gaten v. Tangipahoa Parish School System**, 2011-1133 (La. App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074.

The following language is found in the pertinent part of the May 23, 2018 "JUDGMENT and INCORPORATED WRITTEN REASONS FOR JUDGMENT" signed by the trial court in the instant case: "IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Kacie Breen is GRANTED." [8] Immediately below that statement is the following: "REASONS: The judgment granting the Res Judicata Exception is final, and declares Kacie Breen justified in the killing of her late husband. The contractual language found in the Plan is clear that the surviving spouse is the sole beneficiary. No genuine issues of material fact exist." Immediately thereafter, the judgment states that the proceeding judgments are final and immediately appealable pursuant to La. C.C.P. art. 1915.[9]

---

[8] In the judgment, the trial court stated that several motions were heard on May 10, 2018. The judgment then stated that the trial court granted the motion for leave to file the amended petition filed by Doctors for Women, that it overruled an exception of nonjoinder of indispensable party filed by Sean and Aaron, and that it denied the motion for reconsideration of the August 29, 2017 res judicata judgment.

[9] The judgment contains notations by the court after the finality designation, which included, for example, the statement that the motion to continue filed by Doctors for Women was denied and

6

In this case, although the May 23, 2018 judgment indicates that the motion for summary judgment filed by Kacie was granted, the judgment does not state the party against whom the ruling is ordered or grant any specific relief. One must consider extrinsic sources in order to make that determination. The specific relief granted should be determinable from the judgment itself without reference to an extrinsic source, such as a pleading or reasons for judgment. **State by and through Caldwell v. Teva Pharmaceuticals Industries, Ltd.**, 2017-0448 (La. App. 1 Cir. 2/8/18), 242 So.3d 597, 602. Therefore, in the absence of appropriate decretal language, the May 23, 2018 judgment is defective and cannot be considered a final judgment for purposes of appeal. Thus, this court lacks appellate jurisdiction to review this matter, and we must dismiss this appeal. Because we are dismissing the appeal of the May 23, 2018 judgment, the appeal of the August 24, 2018 judgment denying the motion for new trial as to the May 23, 2018 judgment is also dismissed.[10] Because the answer to the appeal is based on the same nonappealable judgment, we must dismiss the answer to the appeal. See **Nicaud v. Nicaud**, 2016-1531 (La. App. 1 Cir. 9/15/17), 227 So.3d 329, 330.

## CONCLUSION

For the above and foregoing reasons, we dismiss the appeal of the May 23, 2018 judgment and the August 24, 2018 judgment. Also, the answer to the appeal filed by Kacie Breen, individually and in her capacity as tutor of the minor child, Aiden Breen, is dismissed. All costs associated with this appeal are assessed to the appellants, Sean Michael Breen and Aaron Dylan Knapp.

---

the statement that the trial court had not considered motions and pleadings filed within days of the hearing.

[10] Generally, the denial of a motion for new trial is an interlocutory and non-appealable judgment. **Henry v. Sullivan**, 2016-0564 (La. App. 1 Cir. 7/12/17), 223 So.3d 1263, 1272. However, an appellate court may consider interlocutory judgments, such as the denial of a motion for new trial, as part of an unrestricted appeal from a final judgment. **Id.**

7

**APPEAL DISMISSED; ANSWER TO APPEAL DISMISSED.**